IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JILL HAMMONS,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

6:15-cv-00518-MC

OPINION AND ORDER

MCSHANE, Judge:

        Plaintiff Jill Hammons filed this action March 30, 2015, seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits under Title II and supplemental security income ("SSI") under Title XVI of the Social Security

Page 1 - OPINION AND ORDER

Act (the "Act"). This court has jurisdiction over plaintiff's action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3).

Plaintiff filed her applications for benefits in November 2011. The administrative law judge (ALJ) determined plaintiff is not disabled. Tr. 10-21.[1] The ALJ erred in rejecting the opinion of Katherine Greene, Psy.D., an examining physician, and in rejecting the opinion of Heidi Tafjord, P.M.H.N.P., L.M.P., a treating counselor. For the reasons stated below, the Commissioner's decision is REVERSED and this matter is remanded for payment of benefits.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012), (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the Commissioner's conclusion. *Davis v. Heckler,* 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of*

---

[1] "Tr." refers to the Transcript of Social Security Administrative Record (# 10) provided by the Commissioner.

Page 2 - OPINION AND ORDER

*Soc. Sec. Admin.,* 740 F.3d 519, 523 (9th Cir. 2014)(quoting *Reddick v. Chater,* 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If a claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R.§§ 404.1520, 416.920. At step five, the Commissioner's burden is to demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id.*

At step two, the ALJ found plaintiff's " asthma; history of migraine headaches; back pain; obesity; depression; anxiety; attention deficit hyperactivity disorder; borderline intellectual functioning" qualified as "severe" impairments under the regulations. Tr. 12.

The ALJ found plaintiff had the residual functional capacity to perform light work, except she can occasionally climb ropes, ladders, and scaffolds. She needs to avoid concentrated exposure to dust, fumes, gases, poor ventilation and other noxious odors. She must also avoid concentrated exposure to heights, moving machinery and other similar hazards. She is limited to simple, repetitive and routine tasks requiring no more than occasional interaction with the general public. Tr. 15. A vocational expert testified that a person with the RFC as stated by the ALJ could work as a price marker, sorter of soft goods, and hand bander of small products. Tr. 20-21. The ALJ determined plaintiff was not disabled under the Social Security Act.

Plaintiff argues the ALJ erred in weighing certain medical opinions. I agree. Because the medical evidence is dispositive, the court need not address plaintiff's additional assertions of error.

**Dr. Greene's Opinion**

Where there exists conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts. *Chaudhry v. Astrue,* 688 F.3d 661, 671 (9th Cir. 2012). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. . . ." *Id.* (quoting *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Katherine Greene, Psy.D., a licensed psychologist, examined plaintiff on November 22, 2011. Tr. 535-39. Dr. Greene conducted a clinical interview and administered the Wechsler Adult Intelligence Scale IV (WAIS-IV), the Repeatable Battery for Neuropsychological Status (RBANS), and the Wide Range Achievement Test (WRAT-4).

Plaintiff's affect was flat, her mood depressed and she was tearful at times. Tr. 535. She reported mood swings, dropping into depression two or three times a week, and lasting several days. Plaintiff reported anxiety, particularly in public. She had a history of significant trauma and abuse, which came out in nightmares and flashbacks. Tr. 535-36.

Plaintiff had been homeless since June 2011, and was living in her car. Tr. 536. She reported spending three years in first grade without passing grades in school. She dropped out of school in 11th grade and later completed her GED with accommodations in reading. Her Full-Scale IQ was 79, in the borderline range. Tr. 537. Plaintiff's Verbal Comprehension score of 72 was at the third percentile. Her Working Memory score of 71 was at the third percentile.

Page 4 - OPINION AND ORDER

Cognitive testing revealed "severe deficits in attention." Tr. 538. Dr. Greene diagnosed Bipolar II-depressed, PTSD, Attention Deficit Hyperactivity Disorder NOS, and Borderline Intellectual Functioning, with a GAF of 45. Tr. 538-39.

Dr. Greene completed a Rating of Impairment Severity form in which she indicated Plaintiff has moderate restrictions of activities of daily living, and marked impairment in social functioning and in concentration, persistence, and pace. Tr. 529. She wrote that plaintiff isolates, withdraws, has no social activities outside of her family, and was anxious and fearful in public. *Id.* Test results indicated poor attention, with a history of poor school functioning due to poor attention and concentration. *Id.* Dr. Greene indicated plaintiff would have four or more episodes of decompensation and miss four or more days of work per month due to psychological symptoms. Tr. 529-30.

Dr. Greene completed a Mental Residual Function Capacity report in which she indicated plaintiff was markedly limited in her ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination with or proximity to others without being distracted by them, make simple work-related decisions, and complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 532. She opined plaintiff was markedly limited in her ability to interact appropriately with the general public. *Id.*

/ / /

/ / /

Page 5 - OPINION AND ORDER

The ALJ gave Dr. Greene's opinion "little weight . . . because it was based on a one-time examination and was done before the claimant began treatment and counseling." Tr. 19. The ALJ found mental health treatment improved plaintiff's functioning, citing her ability to take care of her two teen-aged children, perform household chores, drive, grocery shop, and attend counseling. *Id.* The Commissioner cites July 2013 counseling notes indicating plaintiff managed her household "without crisis at the moment," despite living near a chaotic situation. Tr. 854, 858. Additional counseling notes indicate plaintiff was having two to three panic attacks each day in February 2013. Tr. 609. The housing facility provided a personal care aide to assist plaintiff with activities of daily living. Tr. 743. In June 2013 plaintiff's counselor noted she was "delivering information several ways to make sure [plaintiff] is understanding the information . . . . She appears to require some extra attention to ensure she is understanding information." Tr. 882. Plaintiff was "upset, anxious and agitated." Tr. 876. Her counselor wrote plaintiff "has a habit of obfuscating content. She may need more explanations than most others, or a chance to reflect back what she heard, or multiple methods of communication." Tr. 884. In July 2013 her goal was to go outside without fear. Tr. 570.

Dr. Greene administered the only psychological testing in the record. Her opinion is contradicted only by a non-examining agency physician. The mere fact that Dr. Greene examined the plaintiff only one time is not grounds to reject the opinion. If such were the case, there would be no need for examining psychologists to advise the trier of fact. There is substantial evidence in the record to support Dr. Greene's assessment and it was entitled to more weight than that of a non psychological expert.

///

Page 6 - OPINION AND ORDER

Dr. Greene's opinion is entirely consistent with the July 2013 opinion of Heidi Tafjord, P.M.H.N.P. Tr. 658-64. Nurse Tafjord completed a form in which she stated she has been treating plaintiff since May 2012, with nearly monthly visits, providing medication management for psychiatric symptoms. Tr. 658. Plaintiff's symptoms included depression, hypomania, anxiety, panic, flashbacks, problems with focus and concentration, and sleep issues. Tr. 659. Her symptoms are "easily triggered," and would prevent plaintiff from working full-time without special accommodations or missing more than two days of work per month. *Id.* Nurse Tafjord completed a Mental Residual Functional Capacity form in which she stated plaintiff would be markedly limited in the ability to: understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being distracted; the ability to complete a normal workday without interruption from psychologically based symptoms or to perform at a consistent pace without an unreasonable number and length of rest periods; and the ability to travel in unfamiliar places or to use public transportation. Tr. 662-64.

The ALJ failed to provide specific and legitimate reasons for giving Dr. Greene's opinion little weight. In fact, as a specialist in the area critical to the determination of whether plaintiff is disabled, Dr. Greene's opinion is entitled to greater weight. *Beneke v. Barnhart,* 379 F.3d 587, 594 n.4 (9th Cir. 2004).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings.

Page 7 - OPINION AND ORDER

A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871 (9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

If Dr. Greene's opinion is credited, the ALJ would be required to find Plaintiff disabled. The Vocational Expert testified that if a person was absent more than twice a month, that would preclude gainful activity. Tr. 57-58.

/ / /

/ / /

/ / /

## CONCUSION

The Commissioner's decision is not supported by substantial evidence. The decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner pursuant to Sentence Four, 42 U.S.C. § 405(g) for the immediate calculation and payment of benefits.

IT IS SO ORDERED.

Dated this 13 day of May, 2016.

_____
Michael McShane
United States District Judge